■ HOSPITAL FOR JOINT DISEASES, as Assignee of EDUARDO HERNANDEZ-MUNOZ, et al., Respondents, v NATIONWIDE MUTUAL INSURANCE Co., Appellant. [747 NYS2d 545] ■

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In support of the plaintiffs' motion for summary judgment on the first and third causes of action, the plaintiff Hospital for Joint Diseases (hereinafter HJD) and the plaintiff Wyckoff Heights Hospital (hereinafter WHH) submitted evidentiary proof that the defendant insurance company did not respond to their respective June 28, 2000, and June 5, 2000, claims for no-fault medical benefits within 30 days as required by Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3). In opposition to the motion, and in support of those branches of its cross motion which were for summary judgment dismissing the first and third causes of action, the defendant failed to make a prima facie showing of its entitlement to judgment as a matter of law or raise any triable issue of fact.

However with respect to the second cause of action, the defendant received facility form N-F5 from New York University Hospital Tisch Institute on May 26, 2000. The defendant's denial of claim form was submitted on June 16, 2000. Thus, the defendant made out a prima facie case for summary judgment by offering proof in admissible form that the denial of the claim was submitted within the relevant 30-day period provided by Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, summary judgment should have been granted to the defendant dismissing the second cause of action. Santucci, J.P., Altman, Goldstein and Luciano, JJ., concur.